Pine Bluff City Employees c/o Ken Ferguson, Director of Human Resources 200 East 8th Avenue, Suite 104 Pine Bluff, Arkansas 71601
Dear Mr. Ferguson:
I am writing in response to the requests of 62 separate City of Pine Bluff employees, pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether the release of their names and addresses is consistent with the Arkansas Freedom of Information Act ("FOIA") codified at A.C.A. §25-19-101 to -109 (Repl. 1996 and Supp. 2001). Although I have received 62 separate requests in this regard, I am responding to the requests in one opinion addressed to you, as the information requested for each employee is the same and each of the opinion requests was faxed from your office. Attached with the opinion requests is the FOIA request from a local attorney that states: "Pursuant to the FOIA, please send me the names and addresses of the employees of the City of Pine Bluff." You have notified each employee by letter stating in relevant part: "The City of Pine Bluff Department of Human Resources is the custodian of these records and will release your name and address within 24 hours. If you would like to appeal this decision you may do so by filling out the enclosed form and returning it to this office or faxing it to the Attorney General's Office."
My statutory mandate is to determine whether the decision of the custodian is consistent with the provisions of the FOIA. A.C.A. §25-19-105(c)(3)(B)(i).
RESPONSE
In my opinion your decision to release the names of the city employees is consistent with the FOIA unless any of the employees are undercover police officers, in which case their identities should be shielded. See
A.C.A. § 25-19-105(10)(A). The release of the home addresses of city employees is a closer question, but in my opinion the addresses should be released unless the employee in question has a heightened privacy interest in their home address that would clearly outweigh the public interest in the information. Only the custodian can make this determination in the first instance.
There is no generally applicable privacy exemption under the Arkansas Freedom of Information Act. See Opinion 95-220. Except as otherwise specifically provided, all public records are subject to public inspection and copying under the FOIA. A.C.A. § 25-19-105(a) (Supp. 2001). "Personnel records" are exempt "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(12). If, in fact, the particular records in question constitute personnel records under the FOIA, the "clearly unwarranted invasion of personal privacy" exemption must be considered. The names and addresses of public employees can be classified as "personnel records."See Ops. ATT's Gen. 90-335.
The Arkansas Supreme court employs a balancing test when applying this exemption. Under the balancing test, if the public's interest is substantial, it will usually outweigh any privacy interest. Young v.Rice, 308 Ark. 596, 598, 826 S.W.2d 252 (1992). If there is little public interest, privacy will prevail as long as the privacy interest is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).See also Ops. Att'y Gen. 2001-249 and 2001-244.
Names
My predecessors and I have each opined that the names of public employees are generally subject to release under this test. See Ops. Att'y Gen.90-335; 95-220 and 99-305. As stated in Opinion 90-335: "The `public' is the employer of these individuals, and pays their salaries. It is not unreasonable to expect that an employer would have an interest in knowing whom it employs." Id. at 5-6. See also, Opinion No. 97-286 ("the identity of public employees is ordinarily a matter of significant public interest"). Additionally, as stated in Opinion No. 95-220 "courts have found relatively little privacy interest in records revealing names of public employees." As a general matter, therefore the public interest in knowing the names of public employees will outweigh any privacy interest in the release of the names. In my opinion, therefore, the names of public employees are generally subject to disclosure. At least one exception obtains, however, for "[t]he identities of law enforcement officers currently working undercover with their agencies and identified in the Arkansas Minimum Standards Office as undercover officers." A.C.A. § 25-19-105(10)(A).
Addresses
The status of public employee home addresses for FOIA purposes has evolved over the last several years. My predecessor concluded in 1991 that in most cases the addresses of state employees were subject to release under the FOIA. Op. Att'y Gen. 90-335. He noted that the public's interest in knowing the addresses of its employees was "moderate" and that the privacy interest in addresses was in most cases "mild or modest." See Opinion 90-335 at 5-6. After noting that the A.C.A. §25-19-105(b)(12) "clearly unwarranted" test is not an equal balance (that is, information is public unless its release would be a "clearly" unwarranted invasion of privacy) my predecessor concluded that the balance tipped in favor of disclosure as to most employees. Id. He noted, however, that certain employees, particularly those who work in the criminal justice system, may have a heightened privacy interest in the release of their home addresses. Id. at notes 5 and 6.
In a later opinion, my predecessor concluded that the availability of addresses of employees of the Arkansas Department of Correction would depend upon the particular record(s) in question, and the individual circumstances of the employee or subject of the record. Opinion 95-220. He concluded that:
 [I]t seems likely that some individuals will have a heightened privacy interest. This is probably most evident in the case of prison guards, as noted above; but it may also be true of other employees. As to those employees who could reasonably be subject to harm or harassment as a consequence of releasing their names, addresses, or phone numbers, a substantial privacy interest will exist. In that case, it is my opinion that the balance would likely tip in favor of nondisclosure, at least with respect to addresses and phone numbers. This conclusion follows from the moderate, but less than significant public interest in disclosure of this information.
Opinion 95-220 at 3-4.
In another later opinion, my predecessor concluded that the address of a former police officer should be redacted from otherwise disclosable personnel records due to the heightened privacy interest attending such information. Op. Att'y. Gen. 97-286.
After the issuance of the last-mentioned Opinion, the Arkansas Supreme Court issued its decision in Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998). In Stilley, the court upheld the decision of a lower court allowing the home addresses of certain city police officers to be withheld from disclosure. To reach this decision, the court employed theYoung v. Rice balancing test. That is, the court weighed the public interest in the requested records against the affected individuals' privacy interest in withholding them. In considering the "public interest" prong of the balancing test, the court followed the U.S. Supreme Court decision in Department of Defense v. FLRA, 510 U.S. 487 (1994) (interpreting the federal FOIA law) and examined the degree to which the release of address information would serve the purpose of the FOIA. That purpose, the court stated, is to keep the citizens of the state "advised of the performance of their public officials." Id. at 314. The court found that the purpose for which the addresses were requested in Stilley
(i.e., to enable the requester to obtain service of process on the individuals) did not further the purpose of the FOIA. For this reason, the court found a relatively insubstantial public interest in the records, which was, on balance, outweighed by the privacy interest in withholding them from disclosure. In considering the "privacy interest" prong of the balancing test, the court found that the city had met its burden of proving that the addresses should not be released by presenting arguments concerning the police officers' expectations of their families' safety at home, and concerning the potential harassment or nuisance of people visiting or contacting officers at home. These concerns, the court held, outweighed the negligible public interest in the requested records. The records were therefore properly withheld from disclosure.
It appears clear, therefore, after the decision in Stilley v. McBride,
that public employee addresses, at least those of police officers, can be withheld from public inspection under certain circumstances. My predecessor, relying on Stilley, concluded in Op. Att'y Gen. 98-097 that the addresses of retirees of Arkansas Tech University were properly withheld from disclosure.
In my opinion, however, the implications of the Stilley decision for addresses of current non-police municipal employees is less clear. The court in Stilley placed reliance on the United States Supreme Court's decision in Department of Defense v. FLRA, supra, which weighed the privacy interest of federal employees in their home addresses against the extent to which disclosure of the information sought would "shed light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to." FLRA, 510 U.S. at 497. The Court in FLRA found the public interest to be "negligible at best" and the privacy interest to be "not insubstantial." The United States Supreme Court therefore held the addresses to be unavailable under the federal FOIA.
The Arkansas Supreme Court, relying on FLRA in Stilley, did not discuss the public's interest in disclosure of the officers' addresses. It appeared to focus solely on the plaintiff's reason for requesting the information, stating: "The reason given by Stilley for requesting home addresses of police officers — [service of process] has little or nothing to do with learning or reporting the officers' activities." Id. At 314. I don't interpret the Arkansas Supreme Court's decision in Stilley,
however, as mandating change in the long-held view that the motive of an FOIA requester is ordinarily irrelevant to the analysis. See Op. Att'y. Gen. 2002-067 (". . . the balancing test under A.C.A. § 25-19-105(b)(12) does not turn upon the particular requester's motive in seeking the record where a public interest nevertheless exists in the information sought"). See also, Ops. Att'y Gen. 98-186; 96-309; 92-289 and Watkins, THE FREEDOM OF INFORMATION ACT at 76 (m m Press, 3rd ed. 1998). The United States Supreme Court in Department of Defense v. FLRA, supra cited with approval language of an earlier case, Department of Justice v.Reporters Comm. For Freedom of Press, 489 U.S. 749 (1989) to this effect: "`whether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made.' Reporters Comm.,489 U.S., at 771. Because `Congress clearly intended the FOIA `to give any member of the public as much right to disclosure as one with a special interest [in a particular document]' [citation omitted] . . . `the identity of the requesting party has no bearing on the merits of his or her FOIA request.'" 510 U.S. 487, 496. The Court also stated that "all FOIA requestors have an equal, and equally qualified, right to information. . . ." Id. at 499. "Thus whether disclosure of a private document . . . is warranted must turn on the nature of the requested document and its relationship to `the basic purpose of the Freedom of Information Act to open agency action to the right of public scrutiny' [citation omitted] rather than on the particular purpose for which the document is being requested." Reporters Comm., 489 U.S. at 772. Justice Ginsburg, in her concurrence in FLRA, noted the reason for this rule: "[t]his main rule serves as a check against selection among requesters, by agencies and reviewing courts, according to idiosyncratic estimations of the request's or requester's worthiness." 510 U.S. at 508.
The Court in FLRA did not focus on the individual requester's reason for seeking the addresses. The Court simply called the public's interest in federal employees' addresses "virtually non-existent." Id. at 500. Even a very slight privacy interest overrode such a small public interest. The Arkansas Supreme Court apparently did not perceive a public interest in the police officers' addresses that would override their significant privacy interest in that information, and the plaintiff did not supply any convincing evidence in this regard.
I do not agree, however, that the public interest in the home addresses of municipal employees in Arkansas is "virtually non-existent." My predecessor has characterized the interest as "moderate." Ops. Att'y Gen.97-286. I believe if presented with proper evidence, the Arkansas Supreme Court would find some public interest in municipal employee addresses. By way of example, many cities in this state have ordinances requiring city employees to reside within the corporate boundaries of the city. Seee.g., Petty v. City of Pine Bluff, 239 Ark. 49, 386 S.W.2d 935 (1965) and Ops. Att'y. Gen. 98-078; 97-334 and 96-080. Obviously a public interest exists in determining whether a city's officers and employees are complying with this type of ordinance. Even absent such an ordinance, a public interest exists in determining whether particular city employees live within a reasonable proximity to the city so as to effectively carry out their duties. See Petty, supra. I cannot conclude, therefore, that the home addresses of municipal employees would shed no light whatsoever on the workings of government. In my opinion there is a moderate public interest in the information. This interest is to be weighed against the municipal employees' privacy interest in protecting their home addresses. The Court in FLRA deemed this privacy interest "not insubstantial" and noted that other federal courts have differed in their characterization of the magnitude of the privacy interest implicated, from "important" to "minimal." FLRA at n. 8. My predecessor has characterized it as "mild" or "modest" in most cases. Op. Att'y. Gen.90-335.
Applying the balancing test therefore leads me to conclude that unless there is some reason for a heightened privacy interest in a particular address, based upon the nature of the employee's duties (e.g., criminal justice) or other factors,[1] the address is generally subject to disclosure. The public's interest in the information is moderate and only a heightened privacy interest will result in a "clearly unwarranted invasion of personal privacy." See, e.g., Ops. Att'y Gen. 2002-047; 2001-368; 2001-349; 2001-343; 2001-249; 2001-246; 2001-203; 2001-145; 2001-139; 2001-122; 2001-112; 2001-063; 2001-028; 2000-257; 2000-211; 2000-130; 200-122; 99-372; 99-360; 99-359; and 99-042. The custodian must make this determination in the first instance.
I will note that the Arkansas General Assembly recently exempted the "home addresses of nonelected state employees contained in employer records. . . ." A.C.A. § 25-19-105 (b)(13). This provision also states, however, that "the custodian . . . shall verify an employee's city or county of residence or address on record upon request. . . ." Id. This provision does not apply to municipal employees. If this same result is desirable as to municipal employees, the legislature may certainly act at its next opportunity to effect that result. I cannot conclude, however, that the decision in Stilley v. McBride leads to a conclusion that all public employees addresses are exempt from disclosure. In my opinion, for one reason or another, that decision should be restricted to it own facts. See, e.g., Ops. Att'y Gen. 2001-101 and 99-016 (noting that one of the Arkansas Supreme Court's primary considerations in Stilley v.McBride was a police officer's heightened privacy interest).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] The fact that an employee's address is unlisted may also give rise to a heightened privacy interest.